CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| James A. Mitchell, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-00307 |
| ) | |
| Southwest Virginia Regional Jail, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner James A. Mitchell, a pretrial detainee proceeding *pro se*, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1.) He contends that he has been unfairly denied his "constitutional right" to bail by a biased judge and that he is not receiving professional legal representation by his court-appointed counsel. (*Id.* at 6.) He asks to receive another bail hearing and for the appointment of new counsel. (*Id.* at 7.)

Federal courts cannot consider habeas petitions (under both §§ 2254 and 2241) until the claims asserted have been exhausted. *Brown v. Keohane*, 475 F. Supp. 943, 944 (E.D. Va. 1979). Exhaustion requires that the issue be presented to the state's highest court and considered on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–45 (1999). "Put another way, Petitioner cannot directly seek federal court review of a state prison administrative grievance—as a matter of federal law, and based on principles of federalism and comity—without going through the state court system." *Urias v. Soto*, No. CV 15-772 VBF MRW, 2015 WL 3901653, at *2 (C.D. Cal. June 18, 2015).

Mitchell's Petition states that he has not exhausted any state court remedies because "there is no appeal in this process." (Dkt. 1 at 2.) This is incorrect. Virginia Code § 19.2-124 provides for appeals from bail, bond, or recognizance orders. It states, "[i]f a judicial officer denies bail to a person, requires excessive bond, or fixes unreasonable terms of a recognizance under this article, the person may appeal the decision of the judicial officer." Va. Code. Ann. § 19.2-124A. The statute further directs how an appeal can be asserted.

Mitchell's petition clearly states that he has not exhausted his claims by appealing them to Virginia's highest court. Therefore, at this time, Mitchell's claims are unexhausted and premature for this court's consideration. His claims must be dismissed without prejudice, preserving his right to refile after exhaustion is complete. *Brown*, 475 F. Supp. at 944.

Mitchell's request for new counsel in his pending state court criminal case must be addressed by the state court. *See Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066, at *1-2 (11th Cir. Nov. 17, 2021) (affirming district court's dismissal of a pretrial detainee's § 2241 petition after finding "[t]he district court did not err in determining that the issues raised in [petitioner's] habeas corpus petition and his motion for the appointment of new counsel in his criminal case should be decided by the trial court in his ongoing criminal proceedings").

For these reasons, the court **DISMISSES** this action without prejudice. The Clerk is **DIRECTED** to send a copy of this Order to Mitchell.

**ENTERED** this 8th day of May 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE